FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GARY HEIDEL, individually; MICHELE
ASCHBACHER, individually; CAMILLE
ROWELL, individually; KERSTEN
HEIDEL, individually; MICHAEL
ROWELL, individually and as the personal
representative of the Estate of Catherine
Rowell,

     Plaintiffs - Appellants,

v.

SHERIFF ANTHONY MAZZOLA, in his
individual and official capacity;
SERGEANT JEREMY MUXLOW, in his
individual capacity; DEPUTY KIM
COOK, in his individual capacity;
DEPUTY CLINTON KILDUFF, in his
individual capacity; DEPUTY JOHNNY
MURRAY, in his individual capacity,

     Defendants - Appellees.

No. 20-1067
(D.C. No. 1:18-CV-00378-REB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **KELLY**, and **PHILLIPS**, Circuit Judges.[**]
_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs-Appellants Gary Heidel, Michele Aschbacher, Camille Rowell, Kersten Heidel, and Michael Rowell (collectively, "the Estate"), appeal from the district court's grant of summary judgment in favor of Defendants-Appellees in their civil rights action. Plaintiffs' decedent, Catherine Rowell, committed suicide while a pretrial detainee at the Rio Blanco County Detention Center. On appeal, the Estate argues there is ample evidence showing the jail officials' deliberate indifference, in violation of the Fourteenth Amendment, toward Ms. Rowell's risk of suicide. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background[1]

On February 12, 2016, Ms. Rowell was arrested in Rangely, Colorado, and booked into the Rio Blanco County Detention Center ("the jail"). Ms. Rowell had also been confined at the jail a few days earlier as well as in February and August of 2015. Ms. Rowell spent most of her time sleeping and refused to go outside during recreation time. Although she ate some of her meals, Ms. Rowell showed signs of a loss of appetite by either refusing to eat or not finishing her meals. Officers believed this behavior was consistent with their previous interactions with Ms. Rowell. On February 15, an officer checked on Ms. Rowell around 1:55 p.m. and discovered her in the day room with a 33-inch armored telephone cord wrapped around her neck. They were unable to revive her.

---

[1] Because the parties are familiar with the case, we provide only a limited factual recitation.

Sheriff Mazzola was in charge of the jail. For its part, the jail's suicide policy largely consisted of moving suicidal inmates for more frequent observation and contacting a mental health organization that provided services. Jail officers received on-the-job suicide training but nothing more formal than that. The policy manual also instructed officers to conduct cell checks every hour, but the evidence shows they occasionally waited longer. In fact, the parties contest whether officers checked on Ms. Rowell at 1:00 p.m. — an hour before her suicide — and the district court appeared to accept that they did not check on her for the purpose of its analysis. See 5 Aplt. App. 1295.

The Estate brought this action against the sheriff in his individual and official capacities and the other officers in their individual capacities, raising federal and state-law claims. The district court granted Defendants' motion for summary judgment on the federal claims concluding, *inter alia*, that the Estate failed to establish an underlying constitutional violation or deliberate indifference by Sheriff Mazzola.[2] The district court dismissed the supplemental state law claims without prejudice.

---

[2] After Defendants filed their motion for summary judgment, the Estate voluntarily withdrew all of its claims except the official-capacity claim against Sheriff Mazzola and the individual-capacity claim against Sergeant Jeremy Muxlow. 5 Aplt. App. 1283. In its order, the district court also granted summary judgment in favor of Sergeant Muxlow. Id. at 1299. The Estate did not appeal that decision.

3

## Discussion

We review the district court's grant of summary judgment de novo, "drawing all reasonable inferences and resolving all factual disputes in favor of [the Estate]." Murphy v. City of Tulsa, 950 F.3d 641, 643 (10th Cir. 2019) (citation omitted). The Estate's claim against Sheriff Mazzola in his official capacity is equivalent to a suit against a governmental entity; thus, our municipal-liability cases apply. See Cox v. Glanz, 800 F.3d 1231, 1254 (10th Cir. 2015). For the Estate to succeed against Sheriff Mazzola, it must show (1) an official government policy or custom, (2) that caused a constitutional injury, and (3) requisite state of mind. Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013).

Claims based on a jail suicide usually implicate an alleged "failure of jail officials to provide medical care for those in their custody." Cox, 800 F.3d at 1248 (citation omitted). Therefore, recovery requires a showing of deliberate indifference, id., which requires establishing an objective and subjective component. Strain v. Regalado, 977 F.3d 984, 989 (10th Cir. 2020).[3] Suicide satisfies the objective component. Collins v. Seeman, 462 F.3d 757, 760 (7th Cir. 2006); see Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). For the subjective component, the Estate must show that jail officials "knew [Ms. Rowell] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."

---

[3] The Estate argued that only the objective component needs to be established under Kingsley v. Hendrickson, 576 U.S. 389 (2015). Aplt. Br. at 31–35. As the parties recognize in their supplemental authority letters, this argument has been foreclosed by our recent decision in Strain. See 977 F.3d at 989–91.

4

Quintana v. Santa Fe Cnty. Bd. of Comm'rs, 973 F.3d 1022, 1029 (10th Cir. 2020) (citation omitted).

On appeal, the Estate argues that various jail officers were deliberately indifferent because they failed to inquire about Ms. Rowell's suicidal tendencies, and they failed to regularly check on her despite the risk of suicide. The Estate also contends that, when viewed collectively, the officers' actions and other deficiencies at the jail are enough to establish its deliberate-indifference claim. We disagree.

To start, the Estate cannot establish an underlying constitutional violation by any of the jail's officers because they did not have subjective awareness of Ms. Rowell's risk of suicide. Although excessive sleeping, signs of diminished appetite, and refusing to go outside for recreation time can arguably be viewed as suicidal characteristics, they can be "susceptible to a number of interpretations." See Cox, 800 F.3d at 1253. Officers viewed this behavior as common among inmates and consistent with Ms. Rowell's previous time at the jail. No evidence suggests that Ms. Rowell mentioned her suicidal thoughts to an officer. Although the Estate argues that the subjective component can be shown by a risk of harm to the inmate population as a whole, our cases have typically required knowledge about a specific inmate's risk of suicide. Id. at 1249–51.

Moreover, the officers' failure to follow jail procedures does not equate with a constitutional violation. The Estate alleges that the booking questionnaire was not properly administered and that officers failed to conduct hourly cell checks. However, an officer's failure to follow internal jail policies does not automatically

5

mean he or she acted with deliberate indifference. See Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993). Especially when considering the lack of evidence regarding the officers' subjective awareness, the alleged deviations from timely cell checks and proper booking do not amount to deliberate indifference in these circumstances.

The Estate's comparison of the officers in this case to the defendants in Lemire v. Cal. Dep't of Corrs. and Rehab., 726 F.3d 1062 (9th Cir. 2013), is not persuasive because Lemire is readily distinguishable. In that case, defendants violated jail policy by pulling all floor staff from a unit to attend a staff meeting. Id. at 1070–71. The unit — which housed mentally-ill patients taking psychotropic medication — was left unmonitored for three-and-a-half hours, which resulted in an inmate's suicide. Id. There was a triable issue on deliberate indifference because the defendants knew the specific risks posed to the inmates and they knew it was the "primary" duty of floor staff to prevent suicide attempts. Id. at 1078–79. Thus, the Lemire defendants had far more specific knowledge about the risks posed by inadequate supervision of inmates.

The Estate next attempts to show a cognizable injury by aggregating every officers' conduct with various other shortcomings at the jail to show a systemic failure. Even recognizing that combined actions or omissions pursuant to a governmental policy or custom may violate constitutional rights, see Garcia v. Salt Lake Cnty., 768 F.2d 303, 310 (10th Cir. 1985), the fact remains that the officers lacked knowledge of Ms. Rowell's risk of suicide. As for any deficiencies in the

6

jail's training and policies, we do not think that they amount to a systemic failure given the reasonable efforts to "protect the prisoners' safety and bodily integrity." Cox, 800 F.3d at 1248 (citation omitted). The Estate's arguments about the jail's facilities "all sound remarkably like the tort of negligent design, a state remedy, not a constitutional violation." Bame v. Iron Cnty., 566 F. App'x 731, 740 (10th Cir. 2014); see Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence . . . .").

The Seventh Circuit decision relied upon by the Estate is readily distinguishable. See Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917 (7th Cir. 2004). In Woodward, the court upheld a jury verdict that a defendant was deliberately indifferent to an inmate's risk of suicide. Id. at 919. But there, the defendant failed to train staff, condoned violating policies meant to help suicidal inmates, and ignored the inmate's explicit warnings about his mental health and thoughts of suicide. Id. at 927–29.

We also note that the Estate cannot show state of mind, an essential element of a municipal-liability claim. See Schneider, 717 F.3d at 770–71. In the context of an official-capacity claim, a plaintiff must show:

> the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. In most instances, notice can be established by proving the existence of a pattern of tortious conduct. In a narrow range of circumstances, however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction[.]

Id. at 771 (quoting Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998)).

Here, the jail has had one suicide-by-hanging from decades ago and one recent attempted suicide-by-drowning. While tragic, this is not a pattern of conduct that would establish actual notice of a substantially high risk of suicide. Nor is this one of those rare circumstances where the jail's operating procedures were so deficient, or the risk of the telephone cord was so obvious, that it would "be liable under § 1983 without proof of a pre-existing pattern of violations." Connick v. Thompson, 563 U.S. 51, 64 (2011).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge